UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-4 ANTHONY CONRARDY,

    Defendant.
_____/

Case No. 15-20144

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS [60]**

On November 20, 2015, Defendant Conrardy filed a Motion for Bill of Particulars [60] seeking the following information: (1) the date (or time) on which Defendant Conrardy is alleged to have joined the conspiracy charged in Court I of the Indictment; and (2) the identity of the persons known to the grand jury or government other than those named as co-defendants with whom Conrardy is alleged to have conspired as alleged in Count I of the Indictment. The Government responded on May 9, 2016 [90]. For the reasons stated below, this Defendant Conrardy's Motion for Bill of Particulars [60] is **DENIED**.

The purposes of a Bill of Particulars include: (1) "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial;" (2) "to avoid or minimize the danger of surprise at trial;" and (3)

1

"to enable [the defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). The choice of whether to grant a Bill of Particulars is within the sound discretion of the District Court if the Indictment is not sufficiently detailed to serve its purposes. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004).

In this case, the Indictment at issue extensive details over five pages the Count I allegations of conspiracy. The Indictment contains information that specifically alleges the purpose of the conspiracy and identifies the criminal purpose of the conspiracy. The Indictment also identifies in detail the manner and means alleged, including the dates of the conspiracy, the alleged role of Defendant Conrardy in the conspiracy and his actions in furtherance of the conspiracy.

While the names of all the conspirators are not present in Count I, "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004). Additionally, while Defendant Conrardy argues that he should be given information pertaining to the time period of his alleged conspiracy, the Indictment specifically notes that Defendant Conrardy wrote illegal prescriptions from about February 2014 to about March 2015. This information is sufficient to give

Defendant detail about the dates of his alleged involvement in Count I's conspiracy. Indictments with details about a conspiracy starting and ending "on or about" a certain month and year have been held to be sufficient detail by the Sixth Circuit and thus further detail is not required. *See e.g. United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004); *United States v. Vassar*, 346 F. App'x 17, 22 (6th Cir. 2009). The sufficient detail of Count I in the Indictment, coupled with the substantial discovery that has been produced by the Government, obviates the need for the granting of Defendant's Motion. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Bill of Particulars [60] is **DENIED.**

**SO ORDERED**.

Dated: June 9, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge